UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NELDON LEWIS | CIVIL ACTION |
| VERSUS | CASE NO. 09-07468 |
| GRETNA POLICE DEPARTMENT, ET AL | SECTION "D" (1) |

## ANSWER TO COMPLAINT AND JURY DEMAND

**NOW INTO COURT,** through undersigned counsel, comes the defendant, **Arthur S. Lawson**, who answers plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim for which this Court may grant relief.

### SECOND DEFENSE

The Gretna Police Department is not a legal entity capable of being sued. Therefore, the Gretna Police Department should be dismissed from this lawsuit.

### THIRD DEFENSE

Defendant, Arthur S. Lawson, Jr., pleads both aspects of qualified immunity with respect to the plaintiff's claims - that being immune from suit and being immune from liability.

## FOURTH DEFENSE

The defendant, Arthur S. Lawson, alleges that he had no involvement in the incident at bar and, therefore, he should be dismissed immediately.

## FIFTH DEFENSE

Any actions allegedly taken by defendant Lawson were reasonable under the circumstances and, hence, no liability can attach.

## SEVENTH DEFENSE

Defendant Lawson avers that all claims as alleged in the original Complaint are prescribed.

## EIGHTH DEFENSE

The defendant, Arthur S. Lawson, answers the specific allegations of plaintiff's Complaint as follows, to-wit:

I.

The allegations contained in Paragraph No. 1 of plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

II.

The allegations contained in Paragraph No. 2a of plaintiff's Complaint are denied.

III.

The allegations contained in Paragraph No. 2b of plaintiff's Complaint are admitted insofar as said allegations state defendant Lawson's status and the fact that he is being sued in his official capacity. All other allegations contained in Paragraph No. 2b of plaintiff's Complaint are denied.

IV.

The allegations contained in Paragraph No. 3 of plaintiff's Complaint state conclusions of law and, hence, require no response from this defendant; however, out of an abundance of caution said allegations are denied.

V.

The allegations contained in Paragraph No. 4 of plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations contained in the first sentence of Paragraph No. 5 of plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein. All remaining allegations contained in Paragraph No. 5 of plaintiff's Complaint are denied.

VII.

The allegations contained in Paragraph No. 6 of plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

VIII.

The allegations contained in Paragraph No. 7 of plaintiff's Complaint are denied as written.

IX.

The allegations contained in Paragraph No. 8 of plaintiff's Complaint are denied, except to admit that the plaintiff was issued a citation for no seatbelt.

X.

The allegations contained in Paragraph No. 9 of plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

XI.

The allegations contained in Paragraph No. 10 of plaintiff's Complaint are denied.

XII.

The allegations contained in Paragraph No. 11 of plaintiff's Complaint are denied.

XIII.

The allegations contained in the Paragraph No. 12 of plaintiff's Complaint are denied.

XIV.

The allegations contained in the first two sentences of Paragraph No. 13 of plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein. All remaining allegations contained in Paragraph 13 of plaintiff's Complaint are denied.

XV.

The allegations contained in Paragraph No. 14 of plaintiff's Complaint are denied.

XVI.

The allegations contained in Paragraph No. 15 of plaintiff's Complaint are denied as written.

XVII.

The allegations contained in Paragraph No. 16 of plaintiff's Complaint are denied.

XVIII.

The allegations contained in Paragraph No. 17 of plaintiff's Complaint are denied.

XIX.

The allegations contained in Paragraph No. 18 of plaintiff's Complaint are denied.

XX.

The allegations contained in Paragraph No. 19 of plaintiff's Complaint are denied.

XXI.

The allegations contained in Paragraph No. 20 of plaintiff's Complaint are denied.

XXII.

The allegations contained in Paragraph No. 21 of plaintiff's Complaint are denied.

XXIII.

The allegations contained in Paragraph No. 22 of plaintiff's Complaint are admitted.

**NINTH DEFENSE**

Any and all actions by any employees of Chief Arthur Lawson or by Chief Arthur Lawson himself are reasonable under the circumstances and do not support any type of valid Monell claim in this matter.

**TENTH DEFENSE**

All of the acts and actions by an officers of the Gretna Police Department or by Chief Arthur Lawson were reasonable under the circumstances and do not support a claim of a theory of *respondeat superior*.

**ELEVENTH DEFENSE**

The defendant herein pleads the comparative fault of the plaintiff in this matter, as the plaintiff failed to respond to and/or obey lawful orders from various members of the Gretna Police Department. Accordingly, any injuries which are alleged as a result thereof are solely the fault of the plaintiff.

**TWELFTH DEFENSE**

The defendant herein affirmatively pleads that any of the plaintiff's alleged damages under state law were not caused by any negligence and/or fault on the part of either defendant Lawson or any of his employees. Rather, the purported injuries sued upon were caused solely

due to the fault and negligence of plaintiff, thereby barring and/or reducing any recovery by plaintiff therein.

### THIRTEENTH DEFENSE

Defendant Lawson answering herein submits that the claims of the plaintiff are frivolous, groundless, and/or unreasonable, and, as such, he is entitled to an award against the plaintiff for all attorney's fees and costs expended in this matter, pursuant to 42 USC §1988.

### XXIV.

Defendant requests trial by jury on all issues herein.

### RESERVATION OF RIGHTS

To the extent permitted by law, the defendant, Chief Arthur S. Lawson, reserves his right to supplement and amend this answer and to assert additional affirmative defenses as future discovery may warrant and require.

**WHEREFORE,** defendant, **Chief Arthur S. Lawson,** prays that this Answer be deemed good and sufficient and that, after due proceedings are had, there be judgment herein in favor of defendant**, Chief Arthur S. Lawson**, and against plaintiff, dismissing plaintiff's Complaint with prejudice and at his cost.

Respectfully submitted,

*/s/ Franz L. Zibilich*
**FRANZ L. ZIBILICH (14914)**
**Attorney for Defendant, Arthur S. Lawson**
**131 Airline Drive - Suite 201**
**Metairie, Louisiana 70001**
**Telephone: (504) 834-7676**
**Facsimile: (504) 834-5409**
**E-Mail Address: fzibilich@bellsouth.net**

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 12th day of  January , 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all participating counsel.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: _____.

      */s/ Franz L. Zibilich*
**FRANZ L. ZIBILICH (14914)**
**Attorney for Defendant, Arthur S. Lawson**
**131 Airline Drive - Suite 201**
**Metairie, Louisiana 70001**
**Telephone: (504) 834-7676**
**Facsimile: (504) 834-5409**
**E-Mail Address: fzibilich@bellsouth.net**